IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WALTER SCOTT<br><br>*Plaintiff,*<br><br>v.<br><br>TESORO REFINING & MARKETING CO. LLC and ANDEAVOR LLC<br><br>*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 5:20-cv-00731-XR |

**DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND, IN THE ALTERNATIVE, MOTION TO TRANSFER VENUE PURSUANT TO 42 U.S.C. § 1404**

Defendants Tesoro Refining & Marketing Co. LLC ("Tesoro Refining") and Andeavor LLC ("Andeavor") (each referred to as "Defendant," or, collectively, "Defendants") move to dismiss Plaintiff Walter Scott's Original Petition for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2) and, in the alternative, move to transfer this action to the United States District Court for the Northern District of California, Oakland Division, pursuant to 42 U.S.C. § 1404, and would show the Court as follows:

**I.   INTRODUCTION**

This lawsuit is brought by a California resident for personal injuries allegedly sustained from a September 2019 incident at a refinery in Martinez, California. Plaintiff filed suit in Texas state court against Defendants, two non-resident limited liability

companies. Because Defendants are diverse from Plaintiff and are not citizens of the forum State, Defendants properly and timely removed the case to the U.S. District Court for the Western District of Texas on June 22, 2020. *See* ECF No. 1. Pursuant to Rule 81(c) of the Federal Rules of Civil Procedure, Defendants hereby file their initial responsive pleading within 7 days of filing their Notice of Removal.

As set forth below, this case should be dismissed because the Court lacks personal jurisdiction over Defendants. No general jurisdiction exists, because neither Defendant is incorporated or has its principal place of business in Texas, nor do the Defendants otherwise maintain the type of extraordinary, concentrated presence that would render them "at home" in Texas. No specific jurisdiction exists, because Plaintiff's personal injury claim arises from an incident that occurred at a refinery in California and relates to alleged conditions at such refinery. Plaintiff alleges no conduct by Defendants in Texas. Therefore, dismissal pursuant to Rule 12(b)(2) is warranted.

Alternatively, the case should be transferred for convenience to the U.S. District Court for the Northern District of California, Oakland Division. Venue is proper in that forum as it is the judicial district and division where the subject refinery is located and where Plaintiffs' alleged injuries were sustained. It is also clearly the more appropriate and convenient forum for this case, in which a California resident has asserted claims under California law that will involve the testimony of party and non-party witnesses who all reside and work in California. Therefore, in the event that the case is not dismissed, Defendants respectfully request a transfer of the case pursuant to 28 U.S.C. § 1404.

## II. ARGUMENT AND AUTHORITIES

### A. Plaintiff cannot establish the existence of personal jurisdiction over the Defendants.

In a diversity action, a federal court may exercise personal jurisdiction over a defendant to the extent authorized by state law, and "the Texas long-arm statute authorizes the exercise of personal jurisdiction to the extent allowed by the Due Process Clause of the Fourteenth Amendment." *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001). "In order for personal jurisdiction to satisfy the Due Process requirements, a plaintiff must show that (1) the defendant purposefully availed himself of the benefits and protections of the forum by establishing 'minimum contacts' with the forum state, and (2) the exercise of personal jurisdiction over that defendant does not offend traditional notions of 'fair play and substantial justice.'" *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 311 (5th Cir. 2007) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)).

These "minimum contacts" can create either general jurisdiction (extending to any and all claims against the defendant) or specific jurisdiction (extending only to claims where the subject controversy is connected to the defendant's forum contacts). *See id.* at 215; *accord BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558, 198 L. Ed. 2d 36 (2017) ("[W]e have distinguished between specific or case-linked jurisdiction and general or all-purpose jurisdiction.") In the absence of an evidentiary hearing, the plaintiff's burden is to set forth sufficient facts to establish a *prima facie* case in support of personal

jurisdiction.  *See Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000); *Panda Brandywine Corp.*, 253 F.3d at 867.

Here, neither type of personal jurisdiction exists.  Contrary to Plaintiff's allegation that Defendant Andeavor LLC has "headquarters" in Texas, Plaintiff's Orig. Pet. § III (ECF No.1, Ex A), neither Defendant has its principal place of business in Texas nor is incorporated in Texas, *see* Declaration of Molly R. Benson ¶¶ 3, 9, attached hereto as Ex. A; thus, general jurisdiction does not exist over either Defendant.  Indeed, Defendant Andeavor LLC is merely an acquisition holding company with "headquarters" in the same Ohio offices as its sole member and owner, Marathon Petroleum Corporation ("Marathon Petroleum").  *See id.* ¶¶ 9-11.  Moreover, any contacts that either Defendant may have with Texas do not give rise to the personal injury claims of Plaintiff, a California resident, who is suing over an incident at a refinery in Martinez, California.  Therefore, specific jurisdiction also is clearly lacking, and this action should be dismissed pursuant to Rule 12(b)(2).

    **1.**    **Defendants are not "at home" in Texas for purposes of establishing general jurisdiction.**

The exercise of general jurisdiction over a limited liability company is constitutionally permissible only when its "affiliations with the State in which suit is brought are so constant and pervasive 'as to render it essentially at home in the forum State.'" *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (quoting *Goodyear Dunlop Tires Operations*, S.A. v. Brown, 564 U.S. 915, 919 (2011)).  As explained by the Supreme Court, the paradigmatic "home" of a corporate entity is the State of its

incorporation or principal place of business and only in the most exceptional circumstances will any other forum satisfy this stringent limitation on general jurisdiction. *See id.* "It is, therefore, incredibly difficult to establish general jurisdiction in a forum other than the place of incorporation or principal place of business." *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014).

In October 2018, Marathon Petroleum, a Delaware corporation with its principal place of business in Ohio, completed its acquisition of Andeavor, a corporation then based in San Antonio, Texas that owned, among other things, various refineries in the western part of the United States. *See* Ex. A ¶ 11. As part of this acquisition, Marathon Petroleum created a Delaware limited liability company—Defendant Andeavor LLC—to serve as a holding company for the acquired companies. *See id.* As a holding company, Andeavor LLC merely owns, directly or indirectly, subsidiaries, some of which, in turn, own the refineries and other production facilities acquired by Marathon Petroleum through the Andeavor transaction. *See id.*

Accordingly, Andeavor LLC does not own or operate any production facilities or other assets in Texas and does not sell or distribute any products or services in Texas. *See id.* ¶ 12. Moreover, Andeavor LLC's principal place of business is in Ohio at the offices of Marathon Petroleum. Indeed, all nine officers of Andeavor LLC at the level of President or Vice President are in Ohio. *See id.* ¶ 14. Therefore, Andeavor LLC plainly lacks the type of pervasive presence that might render it "at home" in Texas, and thus, no general jurisdiction exists over Andeavor LLC. *See BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559, 198 L. Ed. 2d 36 (2017).

As for Tesoro Refining, none of the five refineries that it owns and operates is located in Texas; rather, they are located in California (2), North Dakota (1), Washington (1), and Utah (1).  *See* Ex. A ¶ 5.  Moreover, the vast majority of Tesoro Refining's senior management is located outside of Texas.  Out of 30 officers of Tesoro Refining in the positions of President or Vice President, 22 of the officers are in Ohio, including its President, Treasurer, and Secretary.  *See id.* ¶ 7.  While three such high-level officers are also in California, only two are in Texas.[1]  *See BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559, 198 L. Ed. 2d 36 (2017) (explaining that the general jurisdiction analysis does not focus solely on the defendant's in-state activity but, instead, "calls for an appraisal of a corporation's activities in their entirety," because "[a] corporation that operates in many places can scarcely be deemed at home in all of them").

Simply put, while Tesoro Refining has maintained some presence in Texas after the October 2018 acquisition by Marathon Petroleum, such presence falls far short of the extraordinary, concentrated presence that might render it "at home" in Texas for jurisdictional purposes.  *See id.* (holding that railroad, which was incorporated and had its principal of business outside of Montana, was not subject to general jurisdiction in Montana despite presence of over 2,000 employees and 2,000 miles of track there).  Therefore, no general jurisdiction exists over Tesoro Refining.

---

[1] *See* Ex. A ¶ 7.  There is also one such officer in each of the remaining three states where a refinery is located, namely Washington, North Dakota, and Utah.  *See id.*

> **2.    Plaintiff's claim for injuries allegedly sustained at a refinery in California is not connected to any contacts that Defendants may have with Texas.**

Unlike general jurisdiction, the analysis for specific jurisdiction requires consideration of the particular facts underlying the plaintiff's claim to determine whether they are connected to the defendant's purported contacts with the forum State. *See Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 218 (5th Cir. 2000). "Specific jurisdiction exists when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action." *Mink v. AAAA Dev. LLC*, 190 F.3d 333, 336 (5th Cir. 1999). "In other words, there must be 'an affiliation between the forum and the underlying controversy, principally, an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty.*, 137 S. Ct. 1773, 1780, 198 L. Ed. 2d 395 (2017) (citation and marks omitted).

Here, Plaintiff's claims are premised upon injuries allegedly sustained as the result of conditions at a refinery in Martinez, California. Not surprisingly then, Plaintiff's own allegations confirm that his claim has no connection with any contacts that Defendants may have with the State of Texas. *See* Pl's Orig. Pet. § IX, attached as Ex. A to ECF No. 1 ("The injury occurred in California. The conduct leading to the injury occurred in California. The relationship between the parties is centered in California."). Indeed, Plaintiff, a California resident, does not allege a single act or omission relating to his claim that occurred in Texas. Therefore, specific jurisdiction is also lacking, and Defendants' motion to dismiss for lack of personal jurisdiction should be granted.

**B.      In the event the case is not dismissed, the case should be transferred to the U.S. District Court for the Northern District of California, because it is a clearly more convenient venue for this litigation.**

Subject to their motion to dismiss for lack of personal jurisdiction, Defendants alternatively move to transfer this case to the United States District Court for the Northern District of California, Oakland Division. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."). Transfer to a federal district pursuant to 28 U.S.C. § 1404(a) is appropriate where (1) venue would have been proper in the transferee court had the action originally been filed there and (2) the transferee court is "clearly more convenient" than the present forum. *See In re Volkswagen of Amer., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008). Both requirements are readily satisfied here.

First, Plaintiff's claim arises from injuries allegedly sustained from an incident at a refinery in Martinez, California, which is physically located within the Oakland Division for the United States District Court for the Northern District of California. Therefore, venue in the transferee court would be proper under 28 U.S.C. § 1391(b)(2), which provides for venue in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." Second, the private and public interest factors that guide the convenience determination under Section 1404(a) plainly demonstrate that the

Northern District of California is the "clearly more convenient" forum for resolution of this action.

### 1. The private interest factors overwhelmingly favor a transfer for convenience.

"The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen*, 545 F.3d at 315 (citation and marks omitted). Plaintiff's claim arises from an alleged fall at Tesoro Refining's refinery in Martinez, California. Any hard copies of operational or safety records that may be relevant to Plaintiff's claims are located at the Martinez refinery, and any refinery employees who may be witnesses in this action reside in California. *See* Declaration of Gilbert J. Bates ¶¶ 3-5, attached hereto as Ex. B. Requiring these witnesses to travel to Texas for deposition and/or trial would impose undue expense and inconvenience on the witnesses and Defendants. *See id.* ¶ 6; *see also In re Volkswagen*, 545 F.3d at 317 (explaining that "[w]itnesses not only suffer monetary costs, but also the personal costs associated with being away from work, family, and community").

Moreover, according to the petition, Plaintiff resides in Sacramento, California. *See* Pl's Orig. Pet. § III, attached as Ex. A to ECF No. 1. Given his residence, and the location of the incident, any physician or other medical personnel who provided treatment for Plaintiff's alleged injuries likely reside and work in California. Significantly, these potential medical witnesses, and any other non-party witnesses who

reside in California, will be outside the trial subpoena power of this Court. *See* FED. R. CIV. P. 45(c)(1). Moreover, the transferee court sits in Oakland, which is approximately 30 miles from Martinez, California, the site of the incident, and approximately 80 miles from Sacramento, Plaintiff's residence.[2] Conversely, these locations are more than 1,700 miles away from San Antonio, Texas; thus, the Northern District of California is a significantly more convenient forum for all witnesses, whether party or non-party. *See id.* (explaining that, when the proposed transferee court is more than 100 miles from the existing forum, "the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled") (citation and marks omitted).

  **2. Public interest factors also warrant transfer of this case.**

Whether a transfer for convenience is appropriate also requires consideration of the following public interest factors: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum that will govern the case; and (4) the avoidance of unnecessary problems of conflict of law or in the application of foreign law." *In re Volkswagen*, 545 F.3d at 315 (citation and marks omitted). While none of these factors weigh in favor of litigating the action in the Western District of Texas, factors two and three strongly favor transfer to the Northern District of California.

The Northern District of California indisputably has a more substantial interest in adjudicating the claims of a California resident who allegedly sustained injuries at a California refinery—a fact confirmed by Plaintiff's own contentions in his petition: "The

---

[2] Approximate travel distances ascertained from www.google.com/maps.

injury occurred in California.  The conduct leading to the injury occurred in California. The relationship between the parties is centered in California.  California has the most significant relationship with this incident, and, as such, California law applies."  Pl's Orig. Pet. IX, attached as Ex. A to ECF No. 1.  In contrast, the incident underlying Plaintiff's claims involves no conduct within the State of Texas and implicates no interests of any Texas resident.

Moreover, as Plaintiff acknowledges, California law will govern Plaintiff's claims. *See id.*  Although this Court is fully capable of discerning and applying such law, there is no dispute that the U.S. District Court for the Northern District of California and, if necessary, the Ninth Circuit Court of Appeals, will have a greater familiarity with the governing law.  The third public interest factor also plainly weighs in favor of transfer.

In sum, in the event that the action is not dismissed for lack of personal jurisdiction, the totality of private and public interest factor overwhelmingly weigh in favor of transferring the case to the Northern District of California, Oakland Division.

### III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that (1) the Court dismiss Plaintiff's Original Petition for lack of personal jurisdiction or, in the alternative, (2) transfer this case to the Northern District of California, Oakland Division, where it could have originally been filed.  Defendants respectfully request any other relief to which they may be shown to be entitled.

        Respectfully submitted,

        SHIPLEY SNELL MONTGOMERY LLP

        By:   */s/ Joel Z. Montgomery*
             Joel Z. Montgomery
             Texas Bar No. 24002631
             Federal ID No. 22130
             712 Main Street, Suite 1400
             Houston, Texas 77002-3201
             Telephone: (713) 652-5920
             Facsimile: (713) 652-3057
             jmontgomery@shipleysnell.com

        ATTORNEY-IN-CHARGE FOR DEFENDANTS TESORO REFINING & MARKETING COMPANY, LLC AND ANDEAVOR LLC

OF COUNSEL:

Jonathan B. Smith
Texas Bar No. 24013528
Federal ID No. 34417
Z. Alex Rodriguez
Texas Bar No. 24098339
Federal ID No. 2818878
SHIPLEY SNELL MONTGOMERY LLP
712 Main Street, Suite 1400
Houston, Texas 77002
Telephone: (713) 652-5920
Facsimile: (713) 652-3057
jsmith@shipleysnell.com
arodriguez@shipleysnell.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that a true and correct copy of the foregoing document has been filed with the Clerk of Court using the Western District of Texas CM/ECF System for filing and service on all counsel of record, in accordance with FED. R. CIV. P. 5(b)(2)(C) and FED. R. CIV. P. 5(b)(2)(E), on June 29, 2020.

> Anthony G. Buzbee
> Ryan S. Pigg
> Ben Agosto III
> THE BUZBEE LAW FIRM
> JP Morgan Chase Tower
> 600 Travis Street, Suite 7300
> Houston, Texas 77002
> **BY E-SERVICE, ELECTRONIC MAIL, AND REGULAR MAIL**

          */s/ Joel Z. Montgomery*
          Joel Z. Montgomery